[Civ. No. 113.   Second Appellate District.—October 23, 1905.]

D. C. REED, Respondent, v. JOHN L. SCHON, Appellant.

OFFICERS—ELIGIBILITY OF RETIRED ARMY OFFICER—CONSTRUCTION OF CONSTITUTION.—A retired army officer does not hold a lucrative "office" within the meaning of section 20 of article IV of the state constitution, and is eligible to a civil office of profit in this state.

APPEAL from a judgment of the Superior Court of San Diego County.   E. S. Torrance, Judge.

The facts are stated in the opinion of the court.

J. B. Mannix, H. S. Utley, Hunsaker & Britt, and E. W. Britt, for Appellant.

Stearns & Sweet, and F. W. Stearns, for Respondent.

SMITH, J.—This is a contest of the election of defendant to the office of mayor of the city of San Diego, on the ground of ineligibility. (Code Civ. Proc., sec. 1111, subd. 2.)   The special ground assigned is that at the time of the election "the defendant held and now holds an office in the army of the United States, to wit, the office of first lieutenant of infantry . . . retired with the rank of captain," etc. The principal question involved in the case is whether the position of the defendant as retired officer is a "lucrative office" within the meaning of section 20, article IV, of the constitution of this state; or, rather, whether it is an "office," for, if so, it is undoubtedly lucrative.   The court held that the case came within the application of the constitutional provision, and judgment was entered annulling and

setting aside the defendant's election. The appeal is from the judgment.

The provision of the constitution referred to, and the provisions of the Revised Statutes of the United States (U. S. Comp. Stats. 1901, pp. 885-889) referring to retired officers, are as follows:

"Sec. 20. No person holding any lucrative office under the United States, or any other power, shall be eligible to any civil office of profit under this state; provided, that officers in the militia, who receive no annual salary, local officers, or postmasters whose compensation does not exceed five hundred dollars per annum, shall not be deemed to hold lucrative offices."

"Sec. 1245. When any officer has become incapable of performing the duties of his office, he shall be either retired from active service, or wholly retired from the service by the President, as hereinafter provided."

"Sec. 1251. When a retiring board finds that an officer is incapacitated for active service, and that his incapacity is the result of an incident of service, and such decision is approved by the President, said officer shall be retired from active service and placed on the list of retired officers.

"Sec. 1252. When the board finds that an officer is incapacitated for active service, and that his incapacity is not the result of any incident of the service, and its decision is approved by the President, the officer shall be retired from active service, or wholly retired from the service, as the President may determine. The names of officers wholly retired from the service shall be omitted from the army register."

"Sec. 1255. Officers retired from active service shall be withdrawn from command and from the line of promotion.

"Sec. 1256. Officers retired from active service shall be entitled to wear the uniform of the rank on which they may be retired. They shall continue to be borne on the army register, and shall be subject to the rules and articles of war, and to trial by general court-martial for any breach thereof.

"Sec. 1257. When any officer in the line of promotion is retired from active service, the next officer in rank shall be promoted to his place, according to the established rules of the service; and the same rule of promotion shall be applied,

successively, to the vacancies consequent upon such retirement.''

"Sec. 1259. Retired officers of the army may be assigned to duty at the Soldiers' Home upon a selection by the commissioners of that institution, approved by the Secretary of War; and a retired officer shall not be assigned to any other duty.''

By subsequent statutory provisions, cited in respondent's brief, retired officers may be detailed also for service with the militia of the several states (Act March 2, 1903, c. 975, 32 Stats. 927, 932 [U. S. Comp. Stats. Supp. 1905, p. 194]; Act April 23, 1904, c. 1485, 33 Stats. 259), or in colleges, etc., and military schools (Act Nov. 3, 1893, c. 13, 28 Stats. 7 [U. S. Comp. Stats. 1901, p. 863]; Act Aug. 6, 1894, c. 228, 28 Stats. 233, 2 Supp. Rev. Stats. U. S. 226; Act April 21, 1904, c. 1403, 33 Stats. 225 [U. S. Comp. Stats. Supp. 1905, p. 190]), and in time of war may "be employed on active duty, other than in command of troops.''

The defendant, prior to his retirement was first lieutenant of the Twentieth United States Infantry, and there can be no doubt that by his retirement the office he had previously held was vacated. The question, then, is whether there is another office corresponding to his position as a retired officer; and this question we think must be answered in the negative. For, though the word "office" may be used in varying senses, the term in any proper sense implies, as indicated by its etymology, a duty or duties to be performed. Other elements, such as the public nature of the duty and its permanence, may be necessary to constitute a public office; but this element—that is, duty or service to be performed—is an essential part of the definition. (Marshall, C. J., in *United States* v. *Maurice,* [2 Brock. 96], Fed. Cas. No. 15,747, cited, *Saunders* v. *Haynes,* 13 Cal. 155.) The term "office" may, indeed, like other terms, be used in a sense other than the proper one, but the presumption is, unless the contrary appears, that the proper sense was intended, and here we see no reason to suppose that it was not.

It also seems clear to us that, under the provisions of the statute cited, the position of the defendant is a mere sinecure, without any duties attached to it; and hence that it cannot properly be called an office. It is true that a retired officer may be detailed to perform the duties of the several

offices or employments specified in the statutory provisions that have been cited, such as an officer at a soldiers' home, or as a professor, or in connection with the militia of the state, or in the military service in time of war; but these are mere offices or employments to which he may be appointed; and until this happens no service can be required of him. Nor can the mere fact that he is subject to the remote contingency of being thus employed be regarded as such a duty as is contemplated in the definition. All this is apparently implied in the expression "retired officer," which may be regarded as fairly synonymous with the words "ex-officer," or "ci-devant officer," and implies that he is no longer an officer in the proper sense of the term—just as when we speak of a brevet captain, we mean one who—unless specially assigned command by the President—is not a captain, but merely has the title. In the same way we speak of a transfer as an executed contract, meaning something which has been but is no longer a contract as defined in the Civil Code, section 1549. We see no reason, therefore, in the language used, to attribute to the constitutional provision an intention of disfranchising a class of eminently deserving men and depriving the state of their services.

We are of the opinion, therefore, that the case does not come within the provision of the constitution cited; and to what has been said may be added that this construction of the provision would seem to be required by the reason for its enactment, which would seem to be the obvious consideration that an officer of the state, who is presumably employed to devote himself exclusively to the duties of his office, should not be permitted to assume other duties incompatible with his own. This was the view taken of the case by the court of appeals of New York in *People* v. *Duane,* 121 N. Y. 367, [24 N. E. 845], and this view is also supported in some degree by the decision of the court of claims in *Geddes* v. *United States,* 38 Ct. of Cl. 428. In the case of *State* v. *De Gress,* 53 Tex. 387, the question involved here, and in *People* v. *Duane,* was decided differently, but without discussion. In other cases cited by the respondent, it was held that a retired officer was an "officer" within the sense of the several statutes involved (*In re Tyler,* 18 Ct. of Cl. 25; *In re Winthrop,* 31 Ct. of Cl. 35; *Franklin* v. *United States,* 29 Ct. of Cl. 6; *United*

*States* v. *Tyler,* 105 U. S. 244; *Wood* v. *United States,* 107 U. S. 414, [2 Sup. Ct. 551]), and it is claimed, in effect, on the authority of these cases, that if there be an officer there must be an office. But the contention we think is untenable. The terms "officer" and "office" are, indeed, paronymous, and in their original and proper sense are to be regarded as strictly correlative. But both terms, like most other terms, are used in various senses; nor do the variations of the one always correspond with the other. Thus, it sometimes happens that the word "officer" is used without reference to the original and proper sense; and this we think was the case in the statutes involved in the cases cited, and is the case when the term is applied to retired officers.

The judgment appealed from is reversed, and the case remanded, with directions to the lower court to dismiss the proceeding.

Gray, P. J., and Allen, J., concurred.

A petition to have the cause heard by the supreme court after judgment in the district court of appeal, was denied by the supreme court on December 22, 1905.