GEORGE W. DICKEY, Appellee, v. C. C. JACKSON et al., Appellants.

MUNICIPAL CORPORATIONS: Officers, Employees, Etc.—Policemen's Pension—Unauthorized Deprivation. A policeman once duly placed upon the pension rolls of the city may not be removed therefrom except on notice and hearing, as provided by Section 932-p, Code Supp., 1913.

WORDS AND PHRASES: "Pension" and "Compensation" Contrasted. The term "pension," as employed in the Policemen's Pension Act (Section 932-j et seq., Code Supp., 1913), and the term "compensation," as employed in the Workmen's Compensation Act (Section 2477-m et seq., Code Supp., 1913), are not synonymous.

STATUTES: Construction—Mandatory (?) or Directory (?). Principle recognized that, when the provision of a statute is of the essence of the thing required to be done, it is *mandatory*. So recognized in a cause involving the procedure to be followed in order to deprive a policeman of the benefits of a pension fund.

STATUTES: Validity—Public Policy. It is idle to argue to the court that a constitutional statute is against public policy.

MASTER AND SERVANT: Workmen's Compensation Act—Award—Appeal—Power of Court. It is suggested, argumentatively,

that the court, on appeal from an award, may pass on the question of the servant's legal right to the award made.

*Appeal from Polk District Court.*—HUBERT UTTERBACK, Judge.

DECEMBER 11, 1917.

The opinion states the case.—*Affirmed.*

*H. W. Byers, Guy A. Miller,* and *Paul A. Hewitt,* for appellants.

*F. T. Van Liew,* for appellee.

WEAVER, J.—The plaintiff was, for a considerable period, a duly appointed and acting member of the police force of the city of Des Moines, Iowa, and as such was a regular contributor to the policemen's pension fund organized and maintained in that city under the statute authorizing and providing for such fund. Code Supp., 1913, Sections 932-j to 932-r, inclusive. For the support of such fund, the city by its proper authorities regularly deducted one per cent. from plaintiff's salary or wages as policeman, and continued so to do until October 9, 1914, when, acting under the order and direction of his superiors, he engaged in certain physical tests, in the course of which he fell and received injuries permanently disabling him. By reason of the injuries so sustained, plaintiff was placed on the pension roll of said fund at the rate of $41.25 per month, being one half the monthly salary he was receiving at the date of his retirement from active service. The city continued to recognize plaintiff's right to said pension, and paid the same until July 7, 1916, when the trustees of the pension fund, acting on their own instance, removed plaintiff from the pension roll, and refused further payments to him.

1. MUNICIPAL CORPORATIONS: officers, employees, etc.: policemen's pension: unauthorized deprivation.

The grounds of such action are set forth in a written order which we here quote, as follows:

"Before the Trustees of the Policemen's
    Pension Fund.

In the Matter of Pension to George W.
    Dickey.

ORDER.

"And now on this 7th day of July, A. D. 1916, this matter came on for hearing upon the initiative of the trustees of the Policemen's Pension Fund of the city of Des Moines, and said trustees find that, on the 22nd day of December, 1914, an order was entered herein retiring the said George W. Dickey upon a monthly pension in the sum of $41.25 from the 21st day of November, 1914, until further ordered; and it further appearing that the said George W. Dickey has made application for compensation under the provisions of Chapter 147 of the Acts of the Thirty-fifth General Assembly, and is asserting his rights and claims under said Chapter 147, and has been awarded compensation by a board of arbitrators, and has been and is being paid by the city of Des Moines thereunder, and the trustees of the Policemen's Pension Fund of the city of Des Moines being of the opinion that the said George W. Dickey may have his rights under the provisions of Chapter 147 for compensation, and that, if the said George W. Dickey does have his rights as claimed by him, that his right to compensation under said chapter is exclusive and compulsory and obligatory upon both the city of Des Moines and said George W. Dickey, and that, if the said George W. Dickey is entitled to compensation under said act, he is not entitled to any pension from the Policemen's Pension Fund.

"Wherefore the order heretofore entered on the 22nd day of December, 1914, is hereby rescinded, and the city treasurer is directed to make no further payments to the

said George W. Dickey from the said Policemen's Pension Fund of the city of Des Moines."

The plaintiff, claiming that the foregoing order is illegal, and that, in making same and in removing plaintiff from the pension roll, the trustees acted in excess of their jurisdiction and authority in the premises, brought this action in certiorari for a review of the record and for an amendment of the order complained of. The matter was submitted to the trial court upon a stipulation covering the facts hereinbefore stated, and further conceding that no notice of the proceedings to remove him from the pension roll was given to the plaintiff; that he was never examined by physicians for the purpose of ascertaining whether his disability still continued; that no hearing was had or witnesses examined upon the question of his remaining upon said roll; and that he was not present when the matter was considered or the order made. Accompanying the defendants' return to the writ of certiorari are copies of the proceedings which resulted in placing the plaintiff upon the pension roll, showing that the same were conducted substantially according to the provisions of the statute providing for such fund. There was also shown a copy of an award made by an arbitration committee under the Workmen's Compensation Act of this state, showing that plaintiff had claimed compensation from the city of Des Moines for the injury received by him October 9, 1914, and that he had been awarded such compensation to be paid by the city as follows: $10 per week for 52 weeks, ending October 23, 1915; $8 per week from the date last named until March 23, 1916; and thereafter $5 per week for such period as will make the entire period of compensation 300 weeks.

Upon the showing made by the return of the writ and the stipulated facts, the trial court found for the plaintiff, and entered judgment annulling the order removing him from the pension roll, and directing the city treasurer to

make payment to the plaintiff of his monthly pension of $41.25. From this judgment, the defendants have appealed.

The statute providing for a police pension fund (Code Supp., 1913, Section 932-j *et seq.*) makes its organization compulsory in all cities having an organized police department. Such fund is supported by an annual tax, and by grants, donations and gifts for that purpose, together with membership fees of $5 each by the members of the police force, and by an annual deduction of one per cent. from their salaries. Any member of the force who, shall be injured or disabled in the discharge of his duty, and upon examination is found, by a physician appointed by the trustees, to be physically or mentally permanently disabled, is entitled to be retired, and the trustees are to order his retirement, whereupon such retired member is entitled to be paid from the pension fund monthly a sum equal to one half the monthly salary which he was receiving at the date of his injury or disability. The only express provision looking to a removal of a member from the pension roll is found in Code Supp., 1913, Section 932-p, which is to the effect that the board of trustees may cause any retired member to be brought before it and again examined by competent physicians, for the purpose of discovering whether such disability yet continues and whether such member should be continued on the pension roll. Of such proceeding the member is to have reasonable notice, and may be present and examine witnesses under oath in his own behalf. The statute further declares that:

"Such disabled member shall remain upon the pension roll unless and until reinstated in such police department by reason of such examination."

That such procedure was not observed or followed by the trustees is conceded.

The appellants cite no authorities in

2. WORDS AND PHRASES : "pension" and "compensation" contrasted.

support of the position taken by them, or of the validity of the order removing plaintiff from the roll, except one or more where a claim or right to a double pension has been overruled; but these are scarcely in point with the case here presented. The words "pension" and "compensation" are not synonymous, nor are the plan and purpose which underlie the Workmen's Compensation Act necessarily identical with those which induce the establishment of a pension fund. The latter is ordinarily a gratuity from the government, or some of its subordinate agencies, in recognition of but not as payment for past services; though, when provided as part of a scheme of employment, it would seem to include some elements of a contractual character, and is doubtless intended to encourage faithfulness of service. On the other hand, Workmen's Compensation Acts are intended to secure to the injured employes a money allowance, which shall to some degree pay to employes compensation for the loss or damage to which their injuries in the master's service have subjected them. The purposes of the case before us do not require us to attempt solution of the difficult question of how far statutes dealing with these subjects may both stand, and the benefits of both be enjoyed by the same individual. It would seem, however, under familiar principles, that, if there be no express repeal of the earlier statute, and no demonstrable inconsistency between such statute and one of a later enactment, both must be given effect according to their terms.

That the plaintiff in this case was regu-

3. STATUTES : construction : mandatory(?) or directory(?).

larly placed upon the police pension roll is not denied, and that, under the statute, he became entitled to recover from that fund a monthly payment of $41.25, is also conceded.

His status as a pensioner being once fixed, the statute provides one, and only one, method of removing him therefrom. He does not occupy that status by the grace of the city or of the trustees of the fund. His place upon the pension roll is one of statutory right. The trustees may, after notice and opportunity for a hearing, cause him to be re-examined, with a view to discovering whether his disability still continues, and, in case it does not, may remove him from the pension roll and return him to active duty as a member of the police force; but, as we have already seen, it is expressly provided that he shall remain on the roll "unless and until reinstated in active service by reason of such examination." The purpose of this provision is doubtless to protect the pensioner in his position against the exigencies of city politics, and against any device having for its avowed or secret object the release of the city from its statutory obligation to the men who, by disability incurred in its faithful service, have rightfully acquired a place upon the pension roll. The method of effecting the removal of a pensioner having been thus provided in the same statute, and as part of the same scheme or plan by which he acquired his place upon the roll, it is undoubtedly exclusive, and the courts have no duty or function in the premises, except to see that such removal, if made, is accomplished in accordance with the procedure there designated. It being conceded that this method was not followed or attempted to be followed, and that the order of removal was made upon the initiation of the trustees, without notice or warning to the plaintiff or opportunity given him to be heard, it is quite unnecessary to pursue the discussion further to justify us in holding that such order was clearly in excess of the authority vested in the trustees, and that the court did not err in holding it void.

In view of the argument, however, it is

**4. STATUTES:**
**validity:**
**public policy.**

perhaps proper to add that we see no sound basis upon which such an order by the trustees may be upheld on grounds of public policy. The phrase "public policy" is one of very frequent use by lawyers and courts, but it is, nevertheless, a term of very indefinite, if not elastic, signification. Without attempting any definition thereof at this time, it is enough to say that statutes are not to be avoided or held for naught because, in the opinion of the courts, they are not in accord with sound public policy. The legislature, so long as it keeps within constitutional bounds, determines the public policy of the state—so far at least as it undertakes to speak upon any given subject. The statute creating police pension funds is not challenged upon any constitutional ground, and it is the duty of cities and their officers, as well as the courts, to maintain unimpaired the rights and remedies so created.

Counsel on both sides have called our

**5. MASTER AND**
**SERVANT:**
**Workmen's**
**Compensation**
**Act: award:**
**appeal: power**
**of court.**

attention to the fact (of which we may also take judicial notice) that, since this action was begun, the legislature has so amended the Compensation Act as to exclude from its list of beneficiaries, officers and employes of cities who are entitled to retirement on pension. It is further said, and not disputed, that, since the amendment became effective, July 4, 1917, the city has refused to make any payment to the plaintiff, either of the pension or of the award under the Compensation Act. It is argued by appellant that this repeal does no more than declare the real purpose and intent of the Compensation Act in its original enactment, and that it was never intended by the legislature that a disabled member of a police department should be entitled to receive both compensation and pension. Let this be taken for granted, for our present purposes, and the easy answer is that, if such be the case, the opportunity was open to the

city to deny and resist plaintiff's right to any award in the proceedings instituted by him under the Compensation Act, and, upon the pointing out of such legislative intent, it must be presumed that the arbitration board would have refused to assess any compensation in his favor; or, if such award was improperly made, the court would have overruled it in the manner provided in such act. The record does not disclose whether the city resisted plaintiff's claim for compensation. If it did, and its theory of the law be correct, its remedy against what it deems to be double payment was quite clearly to raise the question in that proceeding. If it did so, and the holding there was adverse to its defense, the legal proposition could have been finally settled on appeal. If it did not, it is hardly necessary to say that it could not submit to such adjudication and then even up its account with the plaintiff by arbitrarily removing him from the pension roll.

For the reasons stated, the judgment of the district court is—*Affirmed.*

GAYNOR, C. J., PRESTON and STEVENS, JJ., concur.