[Civ. No. 4736. First Appellate District, Division Two.—March 27, 1924.]

## CHARLES L. JACKSON, Appellant, v. FRANK OTIS et al., Respondents.

[1] PENSIONS — RETIRED POLICE OFFICER — ELECTION AS CONSTABLE.— The fact that a police officer of the city of Alameda, after having been retired from the police department and placed on the pension list, is subject under certain conditions to assignment to certain duties does not prohibit him from drawing his pension upon his election to and occupation of the office of constable.

---

(1) 28 Cyc., p. 534.

APPEAL from a judgment of the Superior Court of Alameda County. T. W. Harris, Judge. Affirmed.

The facts are stated in the opinion of the court.

Clarence De Lancey for Appellant.

L. R. Weinmann and Wm. J. Locke, City Attorney, for Respondents.

LANGDON, P. J.—This is an appeal by the plaintiff from a judgment against him following his failure to amend his

complaint after a demurrer to the same had been sustained by the court. The plaintiff sues as a resident and taxpayer of Alameda County to restrain the payment of a police pension to defendant Charles E. Keyes. The individual members of the board of police pension fund commissioners of the city of Alameda and the city treasurer are joined as defendants.

[1] Briefly stated, the demurrer raised the following question of law: Is defendant Keyes, after having been retired from the Alameda police department and placed on the pension list, prohibited from drawing his pension because of his election to and occupation of the office of constable, and is the said board prohibited from paying this pension which it desires to pay? The appellant states the question, in essence, as being whether or not the two offices, i. e., retired member of the police force upon pension and constable are incompatible within the decisions interpreting the common law, admitting that if the two are not incompatible, as that term is used in said decisions, the demurrer was properly sustained.

A copy of Ordinance No. 97 (New Series) of the city of Alameda was annexed to the complaint. It is by virtue of the provisions of this ordinance that the defendant Keyes has been receiving his pension. It provides, among other things: ''Section 7. Any person retired for disability under this ordinance may be summoned before the Board herein provided for at any time hereafter, and shall submit himself thereto for examination as to his fitness for duty, and shall abide the decision of such Board with reference thereto, and all the members of the Police force who may be retired under the provisions of this ordinance shall report to the Chief of Police on the first Mondays of April, July, October and January, of each year; and in cases of emergency may be assigned to and shall perform such duty as said Chief of Police may direct and such person shall have no claim against the City for payment for such duty so performed.''

The appellant cites authorities from other jurisdictions. None of them present the precise legal situation with which we are dealing here, and although they might be somewhat helpful if we were without authority in this state upon the question, our appellate court has heretofore considered a situation very closely analogous to that presented in the

instant case and our supreme court has approved the decision by denying a petition for a hearing of the case. (*Reed* v. *Schon,* 2 Cal. App. 55 [83 Pac. 77].) In said case the defendant was an officer in the United States army and was retired with the rank of captain. As such retired officer he was subject to be assigned to duty at the Soldiers' Home, if necessary, and he was also subject to be detailed for service with the militia of the several states or in time of war to be employed in active duty other than the command of troops. He was elected mayor of San Diego and plaintiff brought an action to have him declared ineligible on the same general grounds involved in the instant case. Upon appeal, it was said: "It also seems clear to us that, under the provisions of the statute cited, the position of the defendant is a mere sinecure, without any duties attached to it; and hence that it cannot properly be called an office. It is true that a retired officer may be detailed to perform the duties of the several offices or employments specified in the statutory provisions that have been cited, such as an officer at a soldiers' home, or as a professor or in connection with the militia of the state, or in the military service in time of war; but these are mere offices or employments to which he may be appointed; and until this happens no service can be required of him. Nor can the mere fact that he is subject to the remote contingency of being thus employed be regarded as such a duty as is contemplated in the definition."

In the instant case, by the terms of the ordinance attached to the amended complaint, defendant Keyes was "retired from further service from such Police Department, and from the date of such order the service of such person in such Police Department shall cease." It is true, likewise, that under the terms of said ordinance Keyes might sometime in the future be called upon for certain duties, but there is no allegation that he has ever been called for such duties, and it also appears from the ordinance in question that even after call for duty the board has the power to excuse Keyes from the performance of the same.

Our conclusion is in harmony with the general principle set forth in the case of *Pratt* v. *Rosenthal,* 181 Cal. 158 [183 Pac. 542], that "Courts should let administrative boards and officers work out their problems with as little judicial

interference as possible." It is also in accord with the equities of the situation, for, as has been said in the case of *O'Dea* v. *Cook*, 176 Cal. 659 [169 Pac. 366]: "A pension such as this law contemplates is not a gratuity or gift. If it were, all of the provisions pertaining to it would be void under the Constitution of the state. (Art. IV, sec. 31; *Taylor* v. *Mott*, 123 Cal. 497 [56 Pac. 256].) A pension is a gratuity only where it is granted for services previously rendered which at the time they were rendered gave rise to no legal obligation. (*United States* v. *Teller*, 107 U. S. 64 [27 L. Ed. 352, 2 Sup. Ct. Rep. 39, see, also, Rose's U. S. Notes]; *Mahon* v. *Board of Education*, 171 N. Y. 263 [89 Am. St. Rep. 810, 63 N. E. 1107]; *State* v. *Love*, 89 Neb. 149 [Ann. Cas. 1912C, 542, 34 L. R. A. (N. S.) 607, 131 N. W. 196].) But where, as here, services are rendered under such a pension statute, the pension provisions become a part of the contemplated compensation for those services and so in a sense a part of the contract of employment itself. (*Hammitt* v. *Gaynor*, 144 N. Y. Supp. 123; *State* v. *Love, supra; People* v. *Abbott*, 274 Ill. 380 [113 N. E. 696].) . . .

"It is a firmly established principle of judicial construction that pension statutes serving a beneficial purpose are to be liberally construed. (*Walton* v. *Cotton*, 60 U. S. 355 [15 L. Ed. 658, see, also, Rose's U. S. Notes]; *Hanscom* v. *Malden etc. Gas. Light Co.*, 220 Mass. 1 [Ann. Cas. 1917A, 145, 107 N. E. 426].)"

The judgment is affirmed.

Nourse, J., and Sturtevant, J., concurred.