## CITY OF DALLAS et al. v. TRAMMELL.

### No. 12304.

Court of Civil Appeals of Texas. Dallas.

June 20, 1936.

Rehearing Denied June 27 and July 11, 1936.

H. P. Kucera, City Atty., and A. J. Thuss, W. Hughes Knight, and J. Manuel Hoppenstein, Asst. City Attys., all of Dallas, for appellant city.

W. C. Graves and J. L. McNees, both of Dallas, for intervener-appellants.

J. C. Muse, Jr., of Dallas, for appellee.

JONES, Chief Justice.

This suit was instituted in a district court of Dallas county by appellee, C. W. Trammell, a retired police officer of the city of Dallas, against appellants, city of Dallas; a municipal corporation, the board of firemen, policemen, and fire alarm operators, pension fund trustees, the individual members of such board, the city treasurer, the city secretary, and the city auditor, to compel the pension board to restore appellee's monthly stipend of $188.33, the sum to which he was entitled and allowed by the pension board, under the law as it existed at the date of his retirement as chief of police of the city of Dallas, and to recover the sum of $753.32, 4 months' pay due in monthly payments, which had matured at the time the suit was instituted, and also to recover such monthly payments as would mature at the time the case was tried; certain pensioners who were denied the right to intervene are also appellants. The case was tried to the court, and a judgment entered in favor of appellee, from which this appeal is duly prosecuted by appellants.

The trial court filed very complete findings of fact which are not assailed, and also very elaborate conclusions of law. The findings of fact of the trial court are adopted as the findings of fact by this court, but

it is not deemed necessary to set them out in this opinion.

It is undisputed that, under the pension laws and the pension ordinances of the city of Dallas, appellee, at the time of his retirement, was entitled to a monthly payment of one-half of his pay as chief of police, which was the sum of $188.33, and the pension board allowed his retirement application, and placed him on a monthly pension at said sum. Appellee retired September 18, 1935, after 20 years of continuous service in the police department of the city of Dallas. The pension laws then in force were enacted in 1933 by the Forty-Third Legislature, and are contained in chapter 94, p. 206, of the Acts of such Legislature (Vernon's Ann.Civ.St. arts 6229–6243). This chapter amended the Acts of 1919 (chapter 10), but made no material change in articles 6234 and 6235 of the Acts of 1919. The pension fund is provided for as follows: (1) By the voluntary act of policemen, firemen, and fire alarm operators, surrendering to the pension fund the right to present payment of 1 per cent. of their monthly pay; (2) by donations made to such fund and by rewards earned by any municipal employee; (3) by the appropriation of the designated percentage from the general revenues of the city, based on the amount of the gross pay of firemen, policemen, and fire alarm operators.

The 1933 amendment (Acts 1933, 1st Called Sess., c. 4) is codified as article 6243a, with its fifteen sections and is contained in the Second Supplement, Vernon's Complete Texas Statutes 1934. Section 7 thereof reads: "Whenever any member of said departments who shall have contributed a portion of his salary, as provided herein, shall have served twenty (20) years or more in either of said departments, he may be entitled to be retired from said service upon application, and shall, if the board approves, be entitled to be paid from such funds a monthly pension of one-half of the salary received by him at the time of his retirement." This is the re-enactment of article 6235 of the Acts of 1919. And this article was also separately re-enacted by the 1933 amendment of the Forty-Third Legislature, as article 6235. Article 6243a of the 1933 amendment of the Forty-Third Legislature is made to apply to cities having a population of 240,000 to 275,000. Article 6243a was again amended by the Acts of 1935, 1st Called Sess., c. 387, § 1, and said section 7, as amended (Vernon's Ann.Civ.St. art.

6243a, § 7), provides that "in no instance shall the monthly pension allowance awarded him [in the instant case, appellee] be in excess of one-half of the base pay of a private per month, plus one-half of the service money granted to the member under any provision of any City Charter." Under the law in force, when appellee was retired and placed on the pension roll, his monthly pension was $188.33 If the 1935 amendment, which went into effect in October 1935, after appellee had been retired and placed on the pension roll under the 1933 act, applies to appellee, his monthly pension would be reduced to $72.36. Appellants contend that a retired pensioner has no vested right in the pension law as it existed at the time of his retirement, and that, though the law in force at the time awarded him a monthly pension at a specified sum, this sum could be changed in amount by any succeeding legislative enactment.

On the other hand, appellee contends that, as the pension allowed him is neither the grant of a gratuity nor a donation to him, but is awarded him as a part of his compensation, under his contract of employment, for services rendered, during his 20 years as a policeman and police officer, the sum matured as a part of his compensation for service, and his right of payment in such sum became vested, and, having been fully earned at the time of the 1935 amendment, said amendment could not and did not affect him.

These two opposing theories state the issue to be decided on this appeal.

Under the several restrictive clauses in our State Constitution—sections 44, 51, 52, and 53 of article 3, section 3 of article 8, and section 6 of article 16—the Legislature of the state, and the governing body of the city of Dallas, are forbidden to grant to any one a gratuity or donation as a reward for past services, however meritorious such services may have been. The pension laws do not make the award as a gratuity or donation. When appellee was retired and placed on the pension roll at the sum of $188.33, after he had served 20 years as a policeman and police officer, this monthly payment was not awarded as a donation for such long-continued service, in a hazardous department of the government, but was awarded him as earned, but unpaid, compensation under his contract with his employer the city of Dallas. Such is the

specific holding of the Supreme Court, in answer to certified questions from this court, in the case of Byrd v. City of Dallas et al., 118 Tex. 28, 6 S.W.(2d) 738, 740, for the purpose of determining the constitutionality of the 1919 pension laws. In the reported case, the Supreme Court, speaking through Judge Speer of the Commission of.Appeals, in answer to certified questions, said:

"If the pension provided for in this act is a gratuity or donation to the beneficiary, it is clearly forbidden by the fundamental law. On the other hand, if it is a part of the compensation of such employee for services rendered to the city, or if it be for a public purpose, then clearly it is a valid exercise of the legislative power. There is no reason why a city may not engage its servants and employees upon any terms of payment acceptable to both parties. The plan authorized by the statute contemplates in legal effect that as compensation the officers and employees named shall receive the salaries agreed upon to be paid periodically and shall be entitled to participate in the fund provided for pensions according to the statutory plan. The law pertaining to such employment is necessarily a part of the contract of employment and is read into the contract as fully as though it had been actually incorporated therein. Trinity, etc., Co. v. Lion, etc., Co. (Tex.Com.App.) 229 S.W. 483; United States Fidelity, etc., Co. v. Henderson County (Tex.Com.App.) 276 S.W. 203; [Id. (Tex.Com.App.) 276 S.W. 1119.] When an officer or employee coming within the statute is employed and evidences his assent to the pension scheme, he thereupon has a binding contract with his employer for the stipulated salary and likewise to be 'entitled to participate' in the fund upon the terms prescribed. The right to participate in such fund is therefore not a gratuity or donation in any sense. It is as much a part of the agreed compensation as is the monthly stipend. See State v. Love, 89 Neb. 149, 131 N.W. 196, 34 L.R.A.(N.S.) 607, Ann.Cas.1912C, 542; Commonwealth v. Walton [182 Pa. 373], 38 A. 790, 61 Am.St.Rep. 712; Whitehead v. Davie, 189 Cal. 715, 209 P. 1008; Jackson v. Otis, 66 Cal.App. 357, 225 P. 890; O'Dea v. Cook, 176 Cal. 659, 169 P. 366; People ex rel. v. Abbott, 274 Ill. 380, 113 N.E. 696, Ann.Cas.1918D, 450; Cobbs v. Home Insurance Co., 18 Ala.App. 206, 91 So. 627."

In the reported case, the constitutionality of the pension statute was challenged by a taxpayer of the city of Dallas, in a suit he instituted to stop the monthly payments to certain employees of the fire and police departments of the city of Dallas who had been retired on the allowed pension, on the ground that such payments were prohibited by the Constitution. The suit dealt with employees whose pensions had matured by their retirement, and the opinion not only decreed the constitutionality of the pension laws here considered, but, as necessary to such decision, likewise fixed the status of the pensioners to be that they had a binding contract with their employer, city of Dallas, to participate in the pension fund upon the terms prescribed, as a part of their compensation. So in the instant case, when appellee had met all of the requirements of the pension statute, in the matter of 20 years' service, in the matter of the surrender to the pension fund of 1 per cent. of his salary, and in the matter of retirement on the monthly pension payment which was then provided for by law, he had a binding contract which gave him a vested right to participate in the pension fund, to the extent of the amount of such monthly payments. No other construction can be placed upon the decision of the Supreme Court in the reported case. The 1935 amendment, which reduced the monthly payment, as it existed at the time appellee was retired and placed on the pension roll, cannot affect this vested right.

It is true that, while appellee was an active police officer, his employer, the city of Dallas, could reduce his monthly wages or increase them, from time to time, and thereby lessen or increase the sum contracted to be paid him on his retirement; but, when he was retired, his pension rights were determined under the law in force at said date. Under this law, he was entitled to a monthly payment of one-half of what his salary was on the date of his retirement, and, this being a vested contract right, it is not subject to change by future legislation. That which had been only an expectancy, while appellee was an employee of the city, became a certainty on the day of his retirement. This doctrine is clearly announced in the fifth edition of Dillon on Municipal Corporations, vol. 1, §§ 430, 431. Dealing with the question of a municipal pension fund, set up in a similar manner to the instant one,

Mr. Dillon says, in the latter part of paragraph 431, supra, that: "In making a change in the disposition of a fund of that character previous to the happening of one of the events mentioned, the State impairs no absolute right of property in the officer. The direction of the State that the fund should be one for the benefit of the officer or his representative under certain conditions is subject to change or revocation at any time at the will of the legislature. There is no contract on the part of the State that its disposition shall always continue as originally provided. Until the particular event should happen upon which the money or a part of it is to be paid, there is no vested right in the officer to such payment. His interest in the fund is, until then, a mere expectancy created by the law and liable to be revoked or destroyed by the same authority. But when the particular event has happened upon which the money or a part of it is to be paid, the beneficiary of the pension under the pension system acquires, it has been held, a vested right and it is not competent for the legislature or any other authority to deprive him of that vested right. But the existence of a vested right is dependent upon statutory provisions conferring the pension without qualification and without any reserved right to terminate it."

In one of the cases relied upon by appellants, Pennie v. Reis, by the United States Supreme Court, speaking through Justice Field, and reported in 132 U. S. 464, 10 S.Ct. 149, 151, 33 L.Ed. 426, 429, clear recognition is given to the doctrine here announced: "Being a fund raised in that way, it was entirely at the disposal of the government until, by the happening of one of the events stated—the resignation, dismissal, or death of the officer—the right to the specific sum promised became vested in the officer or his representative. It requires no argument or citation of authorities to show that in making a disposition of a fund of that character, previous to the happening of one of the events mentioned, the state impaired no absolute right of property in the police officer. The direction of the state that the fund should be one for the benefit of the police officer or his representative, under certain conditions, was subject to change or revocation at any time, at the will of the legislature.

There was no contract on the part of the state that its disposition should always continue as originally provided. Until the particular event should happen upon which the money, or a part of it, was to be paid, there was no vested right in the officer to such payment. His interest in the fund was until then a mere expectancy created by the law, and liable to be revoked or destroyed by the same authority."

In the instant case, the contingency that matured appellee's contract for the future payments, to wit, the retirement of appellee and his enrollment as a pensioner by the pension board, at one-half of his salary at the date of his retirement, had happened and, under the decision in the reported case, his rights therein had become vested.

Appellee did not continue as a police officer after his retirement, as contended by appellants. Otherwise, his retirement would not have been absolute, but would have been but a modified retirement.

The disposition of this case makes it unnecessary to pass upon the contention of appellee that the 1935 amendment to the Pension Law is invalid, because it was intended to apply only to the city of Dallas.

■ A number of pensioners filed pleas of intervention, urging that appellee's claim be denied. The interest in the litigation they attempted to show, which would give them the right to intervene, is shown by allegations to the effect that the pension fund is insolvent, in that the pension fund is not sufficient to pay the allotted sum in its entirety, and that necessarily all pension payments must be prorated; that, if appellee should prevail, their monthly pro rata share would be materially lessened. This plea in intervention was stricken out on motion of appellee, and in this there was no error. No judgment could have been entered for intervenors on their pleas, and the mere fact that it was to their interest that appellee should not prevail did not give them a right to intervene.

We have examined all other contentions made in the able brief of appellants, with the result that we overrule them. It necessarily follows that, in our opinion, the judgment of the lower court should be affirmed, and it is so ordered.

Affirmed.