George W. Dickey, Appellant, v. Board of Trustees of Police Retirement System et al., Appellees.

No. 46739.

October 16, 1945.

Guy A. Miller, of Des Moines, for appellant.

F. T. Van Liew, of Des Moines, for appellees.

Mantz, J.— In 1944 George W. Dickey, plaintiff, filed an application with the Board of Trustees of Police Retirement System, of Des Moines, Iowa, for an increase in pension benefits, and that said increase be retroactive to May 1925, on account of permanent disability incurred at that time. Following a hearing said application was denied by said defendant, and later, at a hearing upon a writ of certiorari, the district

court of Polk County, Iowa, affirmed the action of defendant. An appeal has been taken to this court.

In passing upon this appeal we will refer to plaintiff as appellant; at times defendant will be referred to as the appellee; at other times as the board.

Following is a brief summary of the facts and the claims of the respective parties as shown by the record:

I. George W. Dickey joined the health department of the police force of Des Moines, Iowa, in 1902; in 1914, by reason of injuries received in line of duty, he became disabled and thereupon, by proper procedure, was retired and placed on a monthly pension of $41.25, being one half his monthly salary. He has drawn such pension continuously since said date. Sometime in 1924 he was placed upon the police force and continued thereon until May 1925, when, by reason of eye trouble, he discontinued his police work. During the time he worked in 1924 and 1925 he received the regular salary of a police officer of $160 per month, of which $118.75 was from the salary fund and the remainder, $41.25, from the pension fund, being paid in separate checks.

Appellant claims that in 1924 he was restored to duty on the police force by the then commissioner of public safety, Jenney, and chief of police, Carter, after he had been examined by Dr. Guy Clift as to his ability to return to such service. He does not claim that he was examined at the request of the appellee board by either the city physician or three physicians before he was placed upon the police force.

Appellant quit his work in May 1925, and shortly thereafter was operated upon for a cataract of the eye, and about a year later had another like operation.

Specifically, he claims that while working as a regular police officer in 1925 he became totally disabled and had to retire; that as he was then being paid at the rate of $160 per month, under the statute he was entitled to a pension of one half that amount, or $80 per month, since that time.

In 1944 Dickey filed an application with appellee board claiming a monthly pension of $39.75 since May 1, 1925, or an aggregate of $9,053.25 for back pension to April 1, 1944, and asking that after April 1, 1944, he be paid a pension of $80

per month. Said application was duly heard by the appellee board in June 1944, at which hearing appellant was present with counsel and gave testimony in support of his application. Other evidence was taken. On September 15, 1944, appellee denied the application and following a hearing on a writ of certiorari before the Honorable Loy Ladd, district judge in and for Polk County, Iowa, the action of appellee was affirmed and the writ was quashed, following which this appeal was taken.

The substance of the claim of appellant is that following his disability in 1914 a medical examination by Dr. Guy Clift revealed that appellant was qualified and fit to perform regular police duties; that he was placed upon the police force by the heads of the police department; that while there he performed regular police duties; that while so doing he became disabled, causing him to retire from such police force, and that under the statute he was entitled to receive a pension of $80 per month (one half his monthly salary) since 1925.

Appellee in resisting the application of appellant claims that, due to injuries received by appellant in 1914, he was retired and placed on a pension; that he was never removed from the pension roll as provided by statute; that his alleged reinstatement in 1924 was not binding upon appellee; that the disability claimed arising in 1924 and 1925 was one of long standing; that appellant when placed upon the police force in 1924 did light duty, as set forth in section 6317, Code of 1939; that appellant is attempting to enforce a stale claim nineteen years old'; and that appellant has no valid claim against the pension fund of said city, save and except the $41.25 per month which appellant has received since 1914.

II. Appellant's injury and retirement in 1914, his being on the pension rolls since that time, and his receiving a regular monthly payment of $41.25 from the pension fund since that time are matters not in dispute.

The trial court denied appellant the relief sought and based its ruling upon the ground that, the appellant being a pensioner in 1924, his status became fixed and that the only method open to him to enable him to be removed from the pension roll and returned to active duty on the police force

was the procedure as set forth in sections 6321 and 6322, Code of 1939.

Appellee set forth fifteen grounds wherein it was claimed that the action of the board of trustees was right, but the trial court either denied or ignored all except the one above set forth.

III. The fund out of which pensions to disabled and retired policemen are paid is made up from at least two sources: by property taxes and by membership fees not exceeding $5 and by one per cent per annum of the salary of the members of the police force. Said fund may also be contributed to by gifts, devises, or bequests. Sections 6310, 6313, 6314, Code of 1939. Said fund is handled by a board of trustees, consisting of certain city officers, and they receive no compensation. Section 6311.

It will be noted that the police department has nothing to do with the operation or management of the pension fund or the making of disbursements therefrom. Any direction made by the police department insofar as it deals with the pension fund would not bind the appellee board.

We think that the trial court was right in affirming the action of appellee board and in quashing the writ. In response to the writ the board of trustees certified the entire record showing the application of appellant to that body, the hearing, the appearance of appellant and counsel, the testimony of appellant and other witnesses, the various exhibits, and a transcript of the evidence before the board prior to its ruling. We have examined this record and fail to find therein evidence which would sustain appellant's claim that said board of trustees, in denying the application of appellant, acted illegally or without jurisdiction.

IV. As above stated, the trial court ruled that appellant had failed to comply with the provisions of section 6321, Code of 1939, which is as follows:

"Re-examination of retired members. The board of trustees of each department shall have the power, at any time, to cause any member of such department retired by reason of physical or mental disability to be brought before it and again examined by three competent physicians appointed by the board of trustees to discover whether such disability yet continues

and can be improved and whether such retired member should be continued on the pension roll, and shall have power to examine witnesses for the same purpose. The question of continued disability or ability to perform regular or light duty in the police or fire department shall be determined by the concurring report of at least two of the three examining physicians. Such member shall be entitled to reasonable notice that such examination will be made, and to be present at the time of the taking of any testimony, shall have the right to examine the witnesses brought before the board and to introduce evidence in his own behalf. All witnesses shall be examined under oath, which may be administered by any member of such board.''

We hold that appellant cannot prevail here for the reason that the evidence affirmatively shows that he failed to comply with the provisions of section 6321 above set forth. From 1914 to date appellant's status has been that of a pensioner of the police department under disability. Such was his status in 1924.

He says that he was directed to see a Dr. Guy Clift for reexamination; that he did so at the request of the commissioner of public safety and a police captain; that he was examined by Dr. Clift, who pronounced him free from disability, and thereupon he was assigned to regular police duty and was paid $160 per month. Being examined by Dr. Clift to ascertain whether appellant was free from physical disability was not in compliance with the statute, section 6321. According to the record, Dr. Clift was not the city physician in 1924. It is stated in written argument and not denied that Dr. Clift had not served as city physician since 1922.

The record shows that appellant was never removed from the pension roll after he was placed thereon in 1914. Appellant as a witness does not claim that he was ever examined by three examining physicians to pass upon the question of his continued disability or ability to perform regular or light duty in the police department. Appellant seems to contend that he had a right to be examined to determine his ability or disability, and that it was one which he could exercise at will. With this contention we cannot agree. Appellant was plaintiff in the case of Dickey v. Jackson, 181 Iowa 1155, 1160, 165 N. W.

387, 389, in which action his right to receive a pension of $41.25 was involved. This court held that he was entitled to receive such pension and that there was one way, and only one, by statute, by which he could be deprived thereof. In that case, speaking through Weaver, J., the court said:

"That the plaintiff in this case was regularly placed upon the police pension roll is not denied, and that, under the statute, he became entitled to recover from that fund a monthly payment of $41.25 is also conceded. His status as a pensioner being once fixed, the statute provides one, and only one, method of removing him therefrom. He does not occupy that status by the grace of the city or of the trustees of the fund. His place upon the pension roll is one of statutory right. The trustees may, after notice and opportunity for a hearing, cause him to be re-examined with a view to discovering whether his disability still continues, and, in case it does not, may remove him from the pension roll and return him to active duty as a member of the police force; but, as we have already seen, it is expressly provided that he shall remain on the roll 'unless and until reinstated in active service by reason of such examination.'" See section 6322, 1939 Code.

Other matters have been argued but we find it unnecessary to pass thereon. The judgment of the trial court was right and it is affirmed.—Affirmed.

MILLER, C. J., and OLIVER, BLISS, GARFIELD, WENNERSTRUM, SMITH, and MULRONEY, JJ., concur.

HALE, J., not sitting.