GEORGE LAMB, Appellee, v. CITY OF BOONE et al., Appellants.

No. 46808.

274

FEBRUARY 5, 1946.

F. L. Mackey, of Boone, for appellants.

Doran, Doran & Doran, of Boone, for appellee.

MANTZ, J.— From June 22, 1917, until July 1, 1940, George Lamb was a regular member of the police force of the City of Boone, Iowa. On May 2, 1940, by reason of length of service and attained age, he applied to the Board of Trustees of the Policemen's Pension Fund of the City of Boone, Iowa, for retirement from service and a pension as provided by law.

His application for retirement was granted on July 12, 1940, and it was ordered that he be granted a regular monthly pension of $62.50 from and after July 1, 1940, same being one half of his base pay on the date of such retirement.

This pension was paid to him regularly until June 8, 1942, when it was discontinued due to his return to service in the police department.

When the war came on the police officials of Boone, Iowa, were advised that several of the police officers in the department would likely be called into the service. With this in view, the police officials, acting through their chief, had some discussion with Lamb early in 1942 about his return to the department and assisting during the emergency. Following such negotiations, Lamb re-entered the police department about June 8, 1942, and served continuously therein until about October 31, 1944, when he again retired. During that period

he was paid the regular salary of a policeman, which, on his retirement on the date above named, was $158.50 per month.

Nothing was paid on his monthly pension of $62.50 during this period. About the time of his retirement in October 1944, Lamb made demand upon the Board of Trustees of the Policemen's Pension Fund of Boone, Iowa, for the payment to him of the monthly pension which had accrued following his re-entry into the service in June 1942, and amounting to the sum of $1,795.85, or that in the alternative he be paid from October 31, 1944, a monthly pension of $79.25, being one half of his base pay when he retired on that date. This application was presented to said board of trustees, which board, following investigation and hearing, rejected the same in toto. Lamb thereupon applied to the district court of Boone County, Iowa, for a writ of certiorari, alleging the illegality of the action of said board of trustees in denying his application. The writ was granted, a return made thereon, and following hearing the trial court found for said applicant, finding that he had accrued an unpaid pension from July 8, 1942, until November 1, 1944, in the amount of $1,797.94, and ordering said board of trustees to correct its records accordingly and to pay said sum to the said George Lamb. The board of trustees has appealed.

In this opinion George Lamb will be referred to as appellee and the City of Boone, Iowa, and Board of Trustees of the Policemen's Pension Fund of the City of Boone, Iowa, will be referred to as the appellants.

Appellants set forth two reasons for a reversal of the action of the trial court. They argue that such court erred in failing to sustain its contention (1) that the evidence conclusively establishes the undisputed fact to be that appellee waived his right to said monthly pension during the period of his re-employment, and (2) that said waiver so established by the evidence in the case is a waiver legal and binding upon appellee and the appellee is therefore estopped from repudiating the same.

These constitute the two errors urged by appellants. It will be noted that appellants do not question the right of the appellee to receive the monthly pension of $62.50 following his

last retirement on October 31, 1944. Appellee, on the other hand, contends that the order of the trial court was right and proper.

The time of service of appellee, the granting of the pension of $62.50 on July 1, 1940, its payment until June 8, 1942, its nonpayment thereafter, his re-employment from June 8, 1942, until October 31, 1944, his receiving the regular salary therefor, his application for payment of the accrued monthly pension from June 8, 1942, to November 1, 1944, the rejection thereof by the appellants, are all matters not in dispute.

The ultimate question for our determination is, Is appellee entitled to receive the pension of $62.50 per month during the period he was re-employed?

In view of the claim of appellants that appellee, before re-entering the service, agreed to waive and did waive the pension which he had received from July 1, 1940, we will take up and consider that question.

The trial court held that the evidence failed to sustain appellants' claim that the said appellee, upon re-entering the service of the police department, had agreed to, or did waive his pension during the time he served under such re-employment. We have examined the record and hold that the trial court did not err in so holding.

Assuming, for the purpose of this case, that appellee could waive his pension in the manner claimed by appellants, yet we find that the record as set forth fails to show or establish such waiver.

The transcript filed by appellants in response to the writ shows that when the application of appellee for payment of his accrued monthly pension from June 8, 1942, to October 31, 1944, was filed, the appellants considered the same on October 23, 1944, at which time no action was taken and the meeting was adjourned to October 27, 1944, "in order to obtain statements from Mayor Frank Ganoe and [former chief of police] James B. Reid regarding conditions under which George Lamb was hired." On October 27, 1944, the appellant board met and gave further consideration to appellee's application. A written statement from Mayor Ganoe was read in which he

denied he ever talked to appellee about the latter's return to active duty and stated that he never told him he would receive an increase in pension. Former Chief of Police Reid made "an oral report of a conversation" with appellee. He stated that nothing at all was said about appellee's pension at the time he talked with him (appellee) about coming back to work and nothing was said about appellee's pension while he was working, and further, that nothing was said about appellee's pension being resumed or the amount of the same.

Following the hearing on October 27, 1944, the appellants denied the application of appellee. We set forth below that part of appellants' transcript showing its finding and conclusion based upon its investigation of appellee's application:

"An investigation has been made on behalf of this Board of Trustees as to the terms and conditions of his said reemployment and whereas the facts obtained in said investigation appear to show that said George W. Lamb voluntarily requested employment as a police officer of the City of Boone, Iowa, during the emergency created by younger men being called to duty with armed forces of the United States with full knowledge and understanding that the payment of the theretofore monthly pension would be suspended during the time he so worked full time and on full salary as a police officer of the City of Boone, Iowa, and whereas the action and conduct of said George W. Lamb during all of said time from June 8, 1942, in the opinion and judgment of this Board of Trustees, confirms the fact that his knowledge and understanding of the terms and conditions under which he resumed full time duty as a police officer at full salary, was that he was returning to full time work as a police officer of the City of Boone, Iowa, and that during said time that he so worked as a full time police officer at full salary, the theretofore monthly pension would not be paid to him and that payment of his said theretofore pension would not be resumed until the termination of his temporary services as a full time police officer of the City of Boone, Iowa.

"THEREFORE be it resolved by the Board of Trustees of the Policemen's Pension Fund of the City of Boone, Iowa, that

the claim of said George W. Lamb of October 9, 1944, demanding a monthly pension payment for all time from June 8, 1942, to date of termination of present full time, full salary employment as a police officer, with interest at 4% per annum over said period of time, be and the same is hereby denied and disallowed."

In the hearing before the district court appellee denied that when he re-entered the service as a policeman he ever promised to waive his monthly pension or that he was asked to do so, and he further stated that he would not have re-entered the service had he been asked to waive his monthly pension.

 By waiver is meant the voluntary or intentional abandonment of a known right. Mettner v. Northwestern Nat. L. Ins. Co., 127 Iowa 205, 103 N. W. 112; Lundean v. Hamilton, 184 Iowa 907, 169 N. W. 208; Ford v. Ott, 186 Iowa 820, 830, 173 N. W. 121, 125. In the last-cited case this court said:

"To constitute a waiver, two things are essential: First, there must be knowledge of the existence of the right; and second, an intention to relinquish it."

While appellee had knowledge of his right, the evidence fails to show any intention upon his part to relinquish it. See, also, Sioux Falls Broadcasting Assn. v. Field Co., 224 Iowa 655, 277 N. W. 284.

We are not losing sight of the rule that in the findings of boards such as appellant board herein, where there is a conflict in the evidence their finding controls. However, where there exists no conflict in the evidence it becomes a question of law for the court to determine. We see no conflict in the evidence in this case on the question of waiver. We hold that the record affirmatively shows that there was no waiver by appellee.

 We are of the opinion that under the holdings of this court appellee is entitled to the relief granted by the trial court. When appellee was granted a monthly pension on July 1, 1940, he had a vested right therein and could be deprived thereof only as by law provided. Dickey v. Jackson, 181 Iowa 1155, 165 N. W. 387; Glaser v. City of Burlington, 231 Iowa 670, 679, 1 N. W. 2d 709.

Our most recent pronouncement upon said matter is found in the case of Dickey v. Board of Trustees, 236 Iowa 794, 799, 20 N. W. 2d 8, 10, which opinion was handed down on the 16th day of October 1945. Therein, the court quoted from the case of Dickey v. Jackson, supra, wherein Justice Weaver, speaking for the court, said, at page 1160 of 181 Iowa, page 389 of 165 N. W.:

"That the plaintiff in this case was regularly placed upon the police pension roll is not denied, and that, under the statute, he became entitled to recover from that fund a monthly payment of $41.25, is also conceded. His status as a pensioner being once fixed, the statute provides one, and only one, method of removing him therefrom. He does not occupy that status by the grace of the city or of the trustees of the fund. His place upon the pension roll is one of statutory right."

We find nothing in the record indicative of any procedure under the statute by appellants to terminate the pension granted appellee in 1940.

It seems to us that under the facts and the law appellee must prevail in this case. Such was the holding of the trial court. It did not err in so holding. Its action is affirmed.—Affirmed.

All JUSTICES concur.