## No. 17,890.

THOMAS G. CURRIGAN, AS AUDITOR OF THE CITY AND COUNTY OF DENVER *v.* WILLIAM E. FLOR AND CITY AND COUNTY OF DENVER.
(299 P. [2d] 1098)

Decided July 23, 1956.

Mr. BEN KLEIN, for plaintiff in error.

Mr. JOSEPH W. OPSTELTEN, for defendant in error William E. Flor.

Mr. JOHN C. BANKS, Mr. CHARLES H. HAINES, Mr. THOMAS G. ROCHE, for defendant in error City and County of Denver.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

DEFENDANT in error, herein referred to as plaintiff, brought a declaratory judgment action against plaintiff in error Currigan, as City Auditor, and the City and County of Denver.

It appears that plaintiff was an active member of the Police Department of the City and County of Denver from May 1, 1926, to April 5, 1955, on which date he retired from the department and became entitled to a monthly pension to be paid out of the Denver Police Pension and Relief Fund. Plaintiff in error Currigan, herein referred to as defendant, as Auditor of the City and County of Denver issued and delivered to plaintiff warrants for the payment of said pension from the date of plaintiff's retirement to July 1, 1955, since which date he has refused to issue such warrants. At the municipal election in June, 1955, plaintiff was elected Councilman of the Third Councilmanic District in Denver; took the oath of office and entered upon his duties

on July 1, 1955. It is agreed that he has received his compensation for the duties performed in connection with that office. Defendant contends that plaintiff is no longer entitled to receive his pension by virtue of Section 311 of the Denver Charter. The City and County of Denver, also named as a defendant in plaintiff's complaint, appeared in the action and alleged that it was advised by its counsel that "plaintiff is entitled to receive a retirement pension * * * and at the same time to serve as a member of the City Council and draw the salary attached to that office, but that the City Auditor refuses to accept and follow the advice of the City Attorney on that subject and demands a court ruling thereon * * *." The City and County of Denver asks for affirmance of the trial court's judgment.

The facts were stipulated and the question to be determined is whether plaintiff, since July 1, 1955, has been and now is entitled to receive a pension as a retired police officer, and at the same time receive his salary as a City Councilman.

The pertinent sections of the City Charter are:

"Section 209. A. No member (of the City Council) shall hold any other public office or employment."

"Section 311. No officer or employee shall hold or enjoy any other public office or public employment for which he is paid any compensation."

It is plain that as a Councilman plaintiff is "holding public office." The ultimate question to be answered is whether plaintiff having retired from the Denver Police Department is thereby holding a "public office" for which compensation is paid. We think not. "The term [office] implies a duty or duties to be performed, and it is generally agreed that a position is an office when the elements of trust, honor and compensation combine with definite duties and responsibilities." 67 C.J.S. p. 96. In *North Carolina ex rel Harris v. W. W. Watson,* 201 N.C. 661, 161 S.E. 215 it was said: "An office within a constitutional provision against double

office holding involves the delegation to an individual of some of the sovereign functions of Government, to be exercised by him for the benefit of the public."

█ In the instant case it is agreed that on April 5, 1955, plaintiff completely and irrevocably surrendered all his right and authority to perform the duties formerly devolving on him as a police officer, and since that date has not been an "officer," neither is he "holding office" in the Police Department. The pension awarded to plaintiff was not dependent upon the rendering of any service to the department. In effect plaintiff "resigned" on April 5, 1955. In *State ex rel Herman v. City of Grand Island*, 145 Nebr. 150, 15 N.W. 2d 341, the Supreme Court of Nebraska stated that the phrase "elect to retire" as used in a firemen's pension law was synonymous with the words "quit," "resign," "separate," or "withdraw." It has also been held a person who has "retired" from office has thereby "vacated" that office. *State ex rel New Washington Oyster Co. Inc. v. Meakim*, 34 Wash. 2nd 131, 208 P. (2d) 628.

In *Jackson v. Otis*, 66 Cal. App. 357, 225 Pac. 890, it was held that a retired policeman is entitled to draw his pension notwithstanding his election to the office of constable, even though as a retired policeman he was subject to be called upon by the Pension Board to perform certain duties, (an aspect not present in the instant case). See, also, *Reed v. Sehon*, 2 Cal. App. 55, 83 Pac. 77, and *Lamb v. City of Boone*, 237 Iowa 273, 21 N.W. 2d 462.

█ The re-entry into public service by a person retired and receiving pension payments does not operate as a revocation or suspension of the pension granted in the absence of statutory or charter provisions so providing. *Reed v. Sehon*, supra; *Jackson v. Otis*, supra; *Lamb v. Boone*, supra; *State ex rel Herman v. Grand Island*, supra; *People ex rel Mulvey v. York*, 59 N.Y.S. 735; *Roddy v. Valentine*, 268 N.Y. 228, 197 N.E. 260; *Homan v. Mackey*, 295 Pa. 82, 144 A. 897; *Bausewine v.*

*Philadelphia Police Pension Fund Ass'n.*, 337 Pa. 267, 10 A. 2d 446; *Kreinbihl v. Philadelphia Police Pension Fund Ass'n.*, 340 Pa. 347, 17 A. 2d 336.

We, therefore, conclude that plaintiff has been since July 1, 1955, entitled to receive a pension as a retired member of the Denver Police Department, and at the same time continue to serve and receive compensation for his duties as a councilman.

The judgment is affirmed.