| 85 | 357 |
| 182 | 377 |

# Indiana County *versus* The Agricultural Society of Indiana County.

1. The prohibitions of the constitution of 1874 are prospective only, and do not repeal local statutes in force at the time of its adoption, and whose provisions are inconsistent therewith.

2. The Act of March 29th 1851 enables county agricultural societies to receive from the treasurer of the county a certain bounty. Art. 9, sect. 7, of the constitution of 1874, prohibits the General Assembly authorizing any county to appropriate money for or loan its credit to any association, corporation or individual. *Held*, that the prohibition of the constitution was wholly prospective, and did not repeal the Act of 1851.

3. Lehigh Iron Co. *v.* Lower Macungie Township, 31 P. F. Smith 482, followed.

October 26th 1877. Before MERCUR, GORDON, PAXSON, WOODWARD and STERRETT, JJ. AGNEW, C. J., and SHARSWOOD, J., absent.

Error to the Court of Common Pleas of *Indiana county:* Of October and November Term 1877, No. 210.

Debt by the Indiana County Agricultural Society against the County of Indiana.

The 4th section of the Act of March 29th 1851, Pamph. L. 290, entitled "An Act to incorporate the Pennsylvania Agricultural Society," provides, "that when any number of individuals shall organize themselves into an agricultural or horticultural society,

[Indiana County *v.* Agricultural Society.]

or any agricultural or horticultural society now organized within any of the counties of this Commonwealth, shall have adopted a constitution and by-laws for their government, elected their officers, and raised annually, by the voluntary contribution of its members any sum of money, which shall have been actually paid into its treasury for the purpose of being disbursed for the promotion of agricultural knowledge and improvement, and that fact be attested by the affidavits of their president and treasurer filed with the commissioners of the county, the said county society shall be entitled to receive annually, a like sum from the treasurer of their said county : *Provided,* that said annual payment out of the county funds shall not exceed one hundred dollars; *Provided, further,* that but one such society in any county shall be entitled to receive such appropriation in any one year, under this act."

The Indiana County Agricultural Society was organized in 1855 and incorporated in 1857.

The society purchased grounds, erected buildings, held annual fairs, paid premiums and otherwise followed out the purposes for which it was founded. The $100 bounty provided for in the 4th section of the foregoing act was regularly paid to the society up to 1869, from which time the county, being largely in debt for public buildings then in process of erection, no further demand was made for the same until 1874, when the affidavits required by the act were filed and demand made for $600, being the bounty for the years from 1869 to 1874 inclusive, which demand being refused, this suit was brought.

At the trial, the defendant submitted the following points :—

1. That since the adoption of the present constitution, sect. 7, art. 9, no county can, by virtue of any legislative authority, loan its credit to or appropriate money for any corporation, this being inconsistent with the provisions of the fourth section of the Act of March 29th 1851, which Act of Assembly gives no authority to the defendant to make the payment from the county treasury claimed by the plaintiff, and the defendant cannot recover.

2. That the provisions of the fourth section of the Act of March 29th 1851, being inconsistent with sect. 7, art. 9, of the present constitution, the said fourth section is repealed, and the plaintiff cannot recover.

Sect. 7, art. 9, of the constitution, is in these words : " The General Assembly shall not authorize any county, city, borough, township or incorporated district, to become a stockholder in any company, association or corporation, or to obtain or appropriate money for, or to loan its credit to, any corporation, association, institution or individual."

In answer to the above points the court, Blair, P. J., said :— " These points are refused, pro forma, and we reserve the following question, viz :

[Indiana County *v.* Agricultural Society.]

" Whether sect. 7, art. 9, of the present constitution, repeals the fourth section of the Act of Assembly of 29th of March 1851, and prevents any recovery at all. If the court should be of opinion that it does, then judgment is to be entered for defendant *non obstante veredicto.*

The verdict was for the plaintiff, and after argument upon the reserved question the court entered judgment on the verdict, being of opinion that the act was not repealed by the seventh section of the constitution, and said : " The thing prohibited by the constitution is not the payment of money, by a county, to an agricultural society, or to any other association, corporation, institution, or individual, under and by virtue of an act passed long ago, authorizing and requiring the county to make such payment. No prohibition is placed, by the section in question, upon appropriations under existing laws. It relates to future legislation, authorizing and sanctioning new expenditures and loans of credit, but leaves the past legislation to stand until it is repealed. The language is in the future tense, and forbids such legislation in the time to come."

The action of the court in entering this judgment was assigned for error by the defendant, who took this writ.

*Harry White*, for plaintiff in'error.—The purpose of the constitutional provision was to prevent municipal authorities from making any appropriation of the public funds to corporations, associations, institutions or individuals. The Act of 1851 and the constitutional provision cannot stand together, and the latter must operate as a repeal of the former. Every affirmative statute is a repeal by implication of a precedent affirmative one, so far as it is contrary thereto : Dwarris on Statutes 673.

The language of the seventh section is not only prospective. It withdraws the power from any corporation to appropriate money to any corporation. The money cannot leave the county treasury without the action of the commissioners making an appropriation by issuing a warrant therefor. If they have no authority to do this, their act is void.

The constitution repeals all statutes that are antagonistic to its provisions.

*Geo. W. Hood* and *Silas M. Clark*, for defendant in error.— The words of the constitutional amendment are prospective only and intended to restrain future grants of power by the legislature : Wilkesbarre City Hospital *v.* Luzerne County, 3 Norris 55. Unless the constitution in plain and unequivocal terms repeals an Act of Assembly it will operate prospectively : Taylor *v.* Mitchell, 7 P. F. Smith 209 ; Cooley's Constitutional Limitations 62 ; Speer *v.* School Directors, 14 Wright 150.

Local statutes in force when the new constitution was adopted

[Indiana County *v.* Agricultural Society.]

remain in force until repealed by other legislation : Lehigh Iron Co. *v.* Supervisors of Lower Macungie Township, 31 P. F. Smith 482 ; City of Pittsburgh *v.* Roup, 1 W. N. C. 254 ; Hayes *v.* Commonwealth, 1 Norris 518 ; Bright *v.* Oak Dale Coal and Mining Co., 31 Leg. Int. 141 ; Washington University *v.* Rouse, 8 Wall. 442.

The judgment of the Supreme Court was entered November 5th 1877,

PER CURIAM.—The right of the agricultural society to recover rests on the fourth section of the Act of 29th March 1851, Pamph. L. 290. The plaintiff in error claims the act is made void by section 7, article 9, of the constitution of 1874. That section declares, " the General Assembly shall not authorize any county, city, borough, township or incorporated district to become a stockholder in any company, association or corporation, or to obtain or appropriate money for, or to loan its credit to any corporation, association, institution or individual."

This section deals only with legislative power. That power is thereby limited and restricted. It declares what it " shall not" do. It annulled nothing that the legislature had done. It forbid such legislation thereafter. It struck down no law. Its prohibitions were wholly prospective. This conclusion is fully sustained by Lehigh Iron Co. *v.* Lower Macungie Township, 31 P. F. Smith 482. It is there said the convention did not intend to repeal special tax laws, but to leave to legislative wisdom and conscience the time and manner of making them conform to the spirit of the constitution. No legislative action has impaired the Act of 1851. It, therefore, remains in full force.

All the facts necessary to give the defendant in error the benefit of the act were found by the jury, and as we discover no error in the rulings of the court                    Judgment affirmed.