Plaintiff was a member of the City of Philadelphia Police Pension Fund Association from 1901 to 1926. Retiring from the police force in the latter year, he received an annual pension from the Association from 1926 to 1936. He was then notified that his pension was suspended because he had accepted employment in the United States Bureau of Internal Revenue.
This suit is for the amount of the pension alleged to be due for the period of four years since 1936. Defendant Association filed an affidavit of defense and new matter in which it alleged that, beginning in 1907, the City of Philadelphia each year made appropriations to *Page 349 
the Association with the proviso that no part of the money should be used in the payment of any pensioner in receipt of income from any government or municipal employment, and that the Association's by-laws provided that any appropriation by the City should be accepted and disbursed in strict accordance with the provisions contained in the ordinance making the appropriation. It was further averred that the gross income of the Association each year, exclusive of the appropriations made by Council, was not sufficient to pay the full amount of all the pensions payable to those entitled. The court gave judgment on the pleadings in favor of plaintiff for the amount of his claim.
The present situation is substantially ruled by Bausewine v.Philadelphia Police Pension Fund Association, 337 Pa. 267,10 A.2d 446. It is attempted to distinguish that case on the ground that it was predicated on the theory that the claimant's right to a pension became vested before Council attempted to attach restrictions to the disbursement of funds donated by it to the Association, whereas here it appears that, prior to the time when plaintiff became entitled to his pension, the bylaws of the Association contained the provision that moneys received from the City should be disbursed only in accordance with the conditions imposed thereon by Council. If there be any such difference in the facts, — which is doubtful, — it would not affect the basic import of the Bausewine decision. There is nothing in any statute, ordinance, or by-law of the Association which provides that a member is not entitled to receive a pension, otherwise payable, if he accepts employment from some agency of the federal government. Having met all the legal and factual requirements upon which his right to a pension depended, he is entitled to receive from the Association the amount due, and not have his claim to judgment defeated because of a circumstance upon which his contractual right to the pension was never in any way conditioned. *Page 350 
As far as concerns the provision in the ordinance of Council that no part of the money of the City should be used to pay a pensioner receiving income from other government employment, this does not impair his right to recover; it merely restricts him from having his claim paid from that part of the funds of the Association which is derived from the City. If there are enough other funds of the Association to satisfy his claim and that of others in a similar situation without the necessity of using for that purpose funds obtained from the City, the proviso attached to the councilmanic appropriation is not violated, and the City's money can be used exclusively for the benefit of those not excluded by its terms. As the court below pointed out, defendant Association's income from sources other than municipal appropriations was more than sufficient each year to pay the full amount of the pension due plaintiff.
Judgment affirmed.