## Timlin v. Philadelphia Police Pension Fund

*Benjamin H. Hellman,* for plaintiff.
*Ernest Lowengrund,* for defendant.

WINNET, J., October 15, 1943.—This case raises the question to what extent a policeman of our city is limited in obtaining a remunerative position after his retirement.

Plaintiff joined the police force of the City of Philadelphia in 1886. He became a pensioner in 1916, receiving $70 per month from defendant association. On

February 12, 1936, he was elected to the office of treasurer of defendant at a salary of $1,000 per year. From June 1, 1936, to January 15, 1937, his pension payment was suspended for the reason that as an employe of defendant he was in the same position as an employe of the City and County of Philadelphia and disentitled to pension payments under the bylaws of the association. Plaintiff has brought suit for the pension payments suspended during this period.

A full history of the formation of the City of Philadelphia Police Fund Association is contained in Bausewine v. Philadelphia Police Pension Fund Assn., 337 Pa. 267. This much is clear about its function: It is carrying out a duty imposed by the legislature on the city itself. From 1895 until the present time the City of Philadelphia has made annual appropriations to defendant association and its constitutional power to do so has been affirmed in Commonwealth ex rel. v. Walton, 182 Pa. 373.

It is also clear that, regardless of the fact that the association designates its fund as a "pension" fund, it is a retirement fund and represents in part adjusted compensation: Bausewine v. Philadelphia Pension Fund Assn., supra; Kreinbihl v. Philadelphia Police Pension Fund Assn., 340 Pa. 347. A city policeman acquires vested rights in the pension fund which can be disturbed neither by municipal legislation nor otherwise: McBride v. Allegheny County Retirement Board et al., 330 Pa. 402. His rights are, of course, subject to the bylaws of the association in existence at the time of his retirement.

At the time plaintiff was retired the bylaws provided in section 10:

"Should a member of this association who has been pensioned enter into the service of either the city or county of Philadelphia . . . then in any such case the pension of such member shall be suspended during the period he shall continue in any such service."

The question, therefore, resolves itself to whether or not plaintiff, while he was employed by defendant association, was in law in the service of the City and County of Philadelphia. We believe not. Granted that he was carrying out a city function, he neither had the protection of nor was he subject to the obligation of a city employe. During this employment he certainly was not within the requirements of civil service provisions of the city charter. He certainly was not entitled to the pension benefits of city employes. Nor was his conduct, as regards political activity, restricted by the city charter. Recently, the city by ordinance awarded a bonus to its employes in an effort to adjust the compensation to the increased cost of living. By no stretch of the imagination could an employe of defendant association be heard to claim such a bonus as a city employe.

It is true that we have allowed no attachments against the fund: Personal Finance Co. v. Clement et al., 20 D. & C. 283; Commonwealth ex rel. v. Dougherty, 44 D. & C. 305. The reasoning of those cases is that the pension fund is performing a city function, and as a matter of public policy its funds should not be attachable. The reasoning of the cases is far from holding that an employe of the fund is a city employe.

As a matter of policy the words of the bylaws should be liberally construed to afford any city policeman the widest opportunity for a remunerative position after retirement. There may be very compelling reasons why a city employe, as such, should not receive pay from the city and his pension at the same time. There may be also compelling reasons for the other provisions of the bylaws which deprive the beneficiary of payments from the fund. But those disabilities should not be extended by judicial interpretation. By the time a policeman has qualified for retirement pay he has earned not only it but also the gratitude of its citizens. He should not be restricted thereafter, from any oppor-

tunity that may be open to him for a remunerative position outside of the strict disabilities imposed by the bylaws.

The affidavit of defense which resists this suit on the ground that plaintiff was a city employe is, therefore, insufficient. The counterclaim of defendant which seeks on the same theory to recover pension payments made to the plaintiff is, therefore, also insufficient.

Plaintiff's rule for judgment for want of a sufficient affidavit of defense is made absolute. Judgment is entered for plaintiff against defendant.

Plaintiff's affidavit raising questions of law to defendant's set-off and counterclaim is sustained and judgment is entered on the counterclaim for George Timlin.