# Keys v. Police Pension Commission

*Charles J. Ware* and *Livengood, Braucher & Stroup,* for plaintiff.

*Spencer G. Hall* and *James S. Bowman,* for defendant.

NEELY, J., November 25, 1957.—In this action in mandamus, plaintiff, a retired member of the police force of the City of Harrisburg, seeks to compel defendant to pay him as an increase to his pension, a certain service increment which he claims is due in addition to the retirement allowance payable to him from the police pension fund of this city. Plaintiff maintains that in order to be eligible for retirement a minimum period of 20 years of continuous service was required of him, and his service increment, in addition to his retirement allowance, should be obtained by a computation based upon 15 whole years of service which he rendered beyond this minimum period.

Defendant is the commission designated by the City of Harrisburg to manage the police pension fund and has charge of the administration of that fund for the purpose of pensioning police officers. Admittedly, plaintiff was an active member of the police force for 35 years and a member of the retirement system as well during this time. Defendant contends that at the time of his retirement the ordinance applicable to plaintiff required that, in order to be eligible for retirement, any police officer must have a minimum service

of 25 years. Defendant maintains, therefore, that only 10 additional years' service beyond the minimum period required for retirement can be used in computing plaintiff's service increment.

This matter is before us on plaintiff's complaint and defendant's answer. The parties have entered into a stipulation of facts. This stipulation consists of 14 paragraphs, and we adopt the same as our own findings of fact. It is unnecessary to set forth this stipulation in full, it being available as part of this record as the agreed statement of facts in this case. We will, however, make reference to some of our findings based upon the stipulation, not only because we consider them particularly pertinent, but also because it is necessary to set forth these facts in order that our decision herein may be completely understood.

Plaintiff was born February 23, 1896. He was appointed a member of the city's police department on February 15, 1921, when he was 25 years of age, less eight days. He retired from the police force on May 28, 1956, having served continuously for a period of 35 years, 3 months and 13 days. At the time of his retirement he was of the age of 60 years, 3 months and 5 days.

When plaintiff became a member of the police force he accepted the ordinance governing the administration of the police pension fund. Plaintiff, during his entire service with the police force in accordance with requirements of the law, paid his contributions in full to the police pension fund, including additional so-called service increment contributions.

Plaintiff is being paid his retirement allowance, and in addition thereto a service increment for 10 additional years' service. Defendant bases its computation as to service increment upon a required minimum serv-

ice of 25 years, consistent with the contention which it advances in this case. Plaintiff demands a pension in an increased amount, namely, a service increment based upon 15 years of service beyond the 20-year minimum period which he claims was required for his retirement eligibility.

Is plaintiff, then, entitled to have his service increment computed on the basis of 10 or 15 years? Was the required minimum period of service as to plaintiff 20 or 25 years, within the meaning of the statutes and ordinances pertaining to his retirement? The answer to these questions depends upon the correct interpretation of the statutes and ordinances applicable to plaintiff's situation.

The Act of May 24, 1893, P. L. 129, provided that the cities of this Commonwealth:

". . . shall have power to establish by ordinance a police pension fund to be maintained by an equal and proportionate monthly charge against each member of the police force . . . , which fund shall be under the direction of councils or committee (or such officers) . . . as may be designated by councils, and applied under such regulations as councils may by ordinance prescribe for the benefit of such members of the police force as shall receive honorable discharge therefrom by reason of age or disability and the families of such as may be injured or killed in the service, but such allowances as shall be made to those who are retired by reason of the disabilities of age shall be *in conformity with a uniform scale.*

"*Such ordinance may prescribe a minimum period of continuous service, not less than twenty years, after which members of the force may be retired from active duty,* . . ." (Parentheses and italics supplied)

Pursuant to the provisions of the Act of 1893, Ordinance No. 95 (1920-21) of the City of Harrisburg,

in effect on February 15, 1921, when plaintiff became a member of the police force, provided in section 6 thereof as follows:

"Every officer or employe of the bureau of police accepting the provisions of this ordinance, who shall have served for a period of twenty (20) years, and shall have reached the age of fifty-five (55) years, shall be entitled to be retired at the option of the Police Pension Commission, on his or her own request on a pension, the pension to date from the time the officer or employe shall have filed his or her application with the Commission . . ."

It is to be noted that the Act of 1893 authorizes but does not require cities to establish a police pension fund, and that under Ordinance No. 95 (1920-21), the joining of the retirement plan by members of the police force was permissive but not obligatory.

It is well to bear in mind that benefits payable under the retirement plan set up pursuant to the Act of 1893 and Ordinance No. 95 (1920-21) are not to be considered as pensions in the sense that they are gratuities. These benefits rather are to be considered as retirement pay, that is, adjusted compensation earned by police officers during their active service, which, along with their contributions, are payable in the future after retirement. The Supreme Court's opinion in Retirement Board of Allegheny County v. McGovern, 316 Pa. 161, 169 (1934), is in point:

". . . A pension is a bounty or a gratuity given for services that were rendered in the past. This act provides for retirement pay. Retirement pay is defined as 'adjusted compensation' presently earned, which, with contributions from employees, is payable in the future. The compensation is earned in the present, payable in the future to an employee, provided he possesses the qualifications required by the act, and complies with the terms, conditions, and regulations

imposed on the receipt of retirement pay. Until an employee has earned his retirement pay, or until the time arrives when he may retire, his retirement pay is but an inchoate right; but when the conditions are satisfied, at that time retirement pay becomes a vested right of which the person entitled thereto cannot be deprived: it has ripened into a full contractual obligation."

And at page 177, in analyzing retirement acts in this Commonwealth, the court continued:

". . . The legislature, in effect, makes this offer to the employee: The state or municipality will contribute so much money to a fund and you will contribute to the same fund for a given time on the basis of service performed. Conditions or qualifications are added for the benefit of the fund and the employee."

In a recent case, Wright v. Allegheny County Retirement Board, 390 Pa. 75, 79 (1957), the Supreme Court, through Mr. Justice Cohen, said:

"We have said, and now reaffirm, that a public employe has a contract right to continued membership in a retirement fund, under the same rules and regulations prevailing at the time of his employment, which may not be qualified or altered by subsequent legislative enactment, . . ."

See also Baker v. Retirement Board of Allegheny County, 374 Pa. 165, 169 (1953) ; McBride v. Allegheny County Retirement Board, 330 Pa. 402, 405, 406 (1938) ; Bausewine v. Philadelphia Police Pension Fund Assn., 337 Pa. 267, 270 (1939) ; Kreinbihl v. City of Philadelphia Police Pension Fund Assn., 340 Pa. 347 (1941) ; Firemen's Pension Fund v. Minnaugh, et al., 62 Dauph. 196, 202 (1951) ; O'Dea v. Public School Employes' Retirement Board, 66 Dauph. 58, 65 (1954).

While defendant does not controvert the principle of law so clearly enunciated in the above cited cases,

it does contend that the facts in the instant case do not fall within the legal principle set forth in these cases because Ordinance No. 95 (1920-21) contains the provision that a police officer is entitled to be retired only "at the option of the Police Pension Commission." Plaintiff contends that the language with respect to this option must be invalidated because it violates the provisions of section 1 of the Act of 1893 which requires that allowances to "those who are retired by reason of the disabilities of age shall be in conformity with a uniform scale." Plaintiff also contends that there is a constitutional infirmity in the provision as to this option because of this lack of uniformity.

If section 6 of Ordinance No. 95 (1920-21) were interpreted to mean that in no event would an officer be entitled to retirement under the benefits of the police pension fund, except at the option of defendant, we would have serious doubts as to its legality. We are not required, however, to pass upon the legality of this optional clause because we believe the clear meaning of the statutes and pertinent ordinances enable us to reach our decision without determining the validity of this clause.

Since we are here dealing with an increase in retirement pay by virtue of the addition of service increment to the retirement allowance, the statute which makes provision for this increase is of controlling significance. The Act of January 18, 1952, P. L. 2105, sec. 1, further amending sec. 4303 of the Act of June 23, 1931, P. L. 932, The Third Class City Code, 53 PS §39303, provides for computing a member's retirement allowance at a monthly rate, and in addition thereto makes provision for service increments as follows:

"(b) In addition to the retirement allowance which is authorized to be paid from the police pension fund by this act, ***** every contributor who shall become entitled to the retirement allowance shall also be en-

titled to the payment of a *'service increment'* in accordance with and subject to the conditions hereinafter set forth.

"(1) *Service increment shall be the sum obtained by computing the number of whole years after having served the minimum required by ordinance* \*\*\*\*\*\*\* and multiplying the said number of years so computed by an amount equal to one-fortieth of the retirement allowance which has become payable to such contributor in accordance with the provisions of this act." (Italics supplied)

And Section 4304 of The Third Class City Code,[1] as amended, 53 PS §39304, provides as follows:

"Whenever any person shall become entitled to receive an allowance from the police pension fund, and shall have been admitted to participate therein, he shall not be deprived of his right to an equal and proportionate participation therein upon the basis upon which he first became entitled thereto."[2]

---

[1] The provisions of the Act of 1893 were incorporated with some substantive changes into The Third Class City Code of June 23, 1931, P. L. 932, 53 PS §35101, et seq. The establishment of a police pension fund under section 4301 of the code, 53 PS §39301, became obligatory on cities, and membership in that fund likewise was obligatory. Section 4302 of this code, 53 PS §39302, provides that ordinances shall prescribe a minimum period of continuous service of not less than 20 years, after which members of the force may retire from active duty. Section 4304 of the code, 53 PS §39304, is substantially the same as section 3 of the Act of 1893, which latter section contains additional provisions not included in the code.

Section 4305 of this code, 53 PS §39305, requires the city to make certain payments into the police pension fund. Section 4306 of the code, 53 PS §39306, clarifies the language in section 1 of the Act of 1893 relative to the designation of the organization to manage the pension fund. And section 4307 of the code, 53 PS §39307, is a substantial reënactment of section 2 of the Act of 1893.

[2] June 23, 1931, P. L. 932, art. XLIII, sec. 4304; April 27, 1943, P. L. 89, sec. 1; June 28, 1947, P. L. 1066, sec. 1; June 28, 1951, P. L. 662, sec. 43.

In language that is crystal clear, the amendment of 1952 states that the service increment is to be obtained by computing the number of years of service after having served "the minimum required by ordinance." Plaintiff's contract with defendant was made when he became a member of the police force and joined the retirement system. The Ordinance of 1920-21 was then in effect and provided that a police officer "who shall have served for a period of twenty (20) years, and shall have reached the age of fifty-five (55) years, shall be entitled to be retired . . ."

This language clearly fixed a minimum period of service required of a police officer in order that he might be considered eligible for retirement.

Defendant, however, takes the position that because of the additional language in the ordinance that the retirement shall be "at the option of the Police Pension Commission," plaintiff had no contract right to retire. Even if we were to assume, arguendo, the validity of this optional clause, defendant's contention that it negatived plaintiff's contract right to retire is unimpressive. The point is that at least the ordinance fixed a minimum period of service requisite for retirement. The Act of 1893 provides that the ordinance "may prescribe a minimum period of continuous service" which shall be not less than 20 years "after which members of the force may be retired from active duty."

We believe that certainly the Ordinance of 1920-21 intended to provide for a minimum period of continuous service, after which the members of the police force might be retired, even if defendant were required to exercise its option in favor of an officer's retirement. And we point out again that we are not passing upon the validity of this optional requirement.

Considering the matter further, arguendo, a member of the police force would have no right to the benefits of the retirement plan if he retired after 15 years'

service with or without the consent of defendant.[3] The ordinance, however, provided him with a means of retirement after his minimum service. To that extent, then, certainly the ordinance clearly provided for a minimum period of service, and since it did so provide, this is the minimum that must be used in computing plaintiff's service increments under the clear provisions of the amendatory Act of 1952. The period of time to be used, then, in computing plaintiff's service increment, is 15 years.

Defendant's computation of plaintiff's service increment was based upon a Police Pension Ordinance No. 94, Sessions of 1938-39, which provided that officers "who shall have served continuously for a period of twenty-five (25) years . . ." shall be entitled to be honorably discharged and retired at his or her own request on a pension. Giving effect to this ordinance, defendant used a period of 10 years in computing plaintiff's service increment. In this computation defendant was in error for the reasons that we have outlined in this opinion. In view of the foregoing, we make the following

### Conclusion of Law

1. Plaintiff's service increment, in accordance with the provisions of section 1 of the amendatory Act of January 18, 1952, P. L. 2105, further amending, inter alia, section 4303 of The Third Class City Code of June 23, 1931, P. L. 932, should be computed on the basis of 15 years; the same being the number of whole years served by plaintiff after the minimum period of continuous service required by ordinance for his retirement at the time plaintiff entered into his contract with defendant by joining the retirement plan when he became a police officer of the City of Harrisburg.

Accordingly, therefore, we enter the following

---

[3] Except, of course, a right to the return of his contributions.

### *Order*

And now, November 25, 1957, judgment is herewith entered for plaintiff and against defendant, and defendant is directed to compute plaintiff's service increment by using 15 years and multiplying that number of years by an amount equal to one-fortieth of plaintiff's retirement allowance, which said service increment shall be paid to plaintiff in addition to the said retirement allowance. It is further ordered that the computation of the service increment be made retroactive to May 28, 1956, the date of plaintiff's retirement. The costs to be paid by defendant.